UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Western Heritage Insurance Company, | ) | C/A No.: 6:07-cv-2705-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Elephant, Inc. d/b/a Platinum Plus; | ) | |
| Theresa L. Bartholomew, Administrator | ) | |
| of the Estate of Stephen P. Leone | ) | |
| (deceased); Kenwood Enterprises, Inc.; | ) | |
| KW, LLC; and Karl Staton, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on a motion for summary judgment filed by Western Heritage Insurance Company (Plaintiff or Western) on April 4, 2008. Defendant Theresa L. Bartholomew responded in opposition on April 22, 2008, and Defendants Elephant, Inc. d/b/a Platinum Plus, Kenwood Enterprises, Inc., and KW, LLC adopted Bartholomew's arguments as their own on April 24, 2008. Defendant Staton did not respond. Plaintiff filed a reply on May 2, 2008. For the reasons stated herein, this court declines to exercise jurisdiction over this declaratory judgment action.

**Background**

On February 12, 2003, Defendant Karl Staton shot and killed Stephen P. Leone in the parking lot of Platinum Plus, an adult entertainment venue. The shooting occurred after Leone got into an argument with an entertainer at Platinum Plus who happened to be Staton's girlfriend. As a result of the shooting, Staton was indicted

for murder and pled guilty to voluntary manslaughter. Staton is currently serving a ten year sentence in the South Carolina Department of Corrections.

On January 27, 2006, Bartholomew, the administrator of Leone's estate, filed suit against Kenwood, KW, Platinum Plus, and Staton in the South Carolina Court of Common Pleas. *See Bartholomew v. Kenwood Enterprises, Inc. et al*, C.A. No.: 2006-cp-23-724. In her complaint Bartholomew alleges that Staton was acting as a *de facto* employee of Platinum Plus and, therefore, Platinum Plus, Kenwood, and KW are liable for his actions. Further, the complaint alleges that each was negligent in various ways—supervising Staton, maintaining a safe premises for invitees, failing to properly train Staton, etc. This action is still pending.[1]

---

[1] On October 17, 2007, the underlying state action was dismissed pursuant to Rule 40(j) of the South Carolina Rules of Civil Procedure. That rule provides that:

> **Case Stricken From Docket by Agreement.**
> A party may strike its complaint, counterclaim, cross-claim or third party claim from any docket one time as a matter of right, provided that all parties adverse to that claim, counterclaim, cross-claim or third party claim agree in writing that it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored. A party moving to restore a case stricken from the docket shall provide all parties notice of the motion to restore at least 10 days before it is heard. Upon being restored, the case shall be placed on the General Docket and proceed from that date as provided in this rule.

Regardless of the Rule 40(j) dismissal this Court finds that the underlying action is still pending because: (1) this action can still be restored and (2) the parties are actively conducting discovery in the underlying suit as evinced by the discovery motions filed as recently as April 8, 2008.

Western issued a commercial general liability policy (Policy) to Platinum Plus for the period of July 17, 2002, to July 17, 2003. Though Western agreed to defend Platinum Plus in the underlying state action under this policy, it did so under a reservation of rights. "Among other things, Western Heritage reserved the right to deny coverage based on the Assault and Battery Exclusion, the Expected or Intended Injury Exclusion and the Employment Related Practices Exclusion. Western Heritage further reserved the right to withdraw from Platinum Plus' defense if it was later determined that no coverage is afforded under the Policy." (Compl. at ¶ 27)

Western now asks this Court to declare that it does not have a duty to defend or indemnify the insured in the underlying state case because Staton's actions are excluded from coverage under one of two exclusions: the assault or battery exclusion or the expected or intended injury exclusion. The assault or battery exclusion states:

> ASSAULT OR BATTERY EXCLUSION
> This policy does not apply to "bodily injury," "property damage[,]" or "personal and advertising injury" arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of such acts, including failure to warn, train[,] or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons[,] or any other person.

(Pl's Mem. at 3) The second exclusion, the intended injury exclusion, provides that the insurance does not apply to "'bodily injury' . . . expected or intended from the standpoint of the insured." (*Id.*)

## Discussion

"A federal court has the discretion to decline to entertain a declaratory judgment action, but, under the law of this Circuit, the court must do so only for 'good reason.'" *Continental Casualty Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994).

> Because the remedial discretion conferred by the Declaratory Judgment Act must "be liberally exercised to effectuate the purposes of the statue," . . . we have held that a federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) "'will serve a useful purpose in clarifying and settling the legal relations in issue,'" and (ii) "' will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'"

*Id.* However, when a declaratory judgment action is filed during the pendency of related litigation in state court, a district court must additionally consider traditional notions of federalism, efficiency, and comity. *Id.* at 966. These factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and (4) whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for *res judicata*.

*Id.* at 966. Even if a declaratory judgment is both useful and affords relief from uncertainty, considerations of federalism, efficiency, and comity can justify a district court's decision to abstain. *Id.*

In the immediate case, traditional notions of federalism compel this court, like

the court in *Fuscardo*, to abstain from exercising jurisdiction.  First, South Carolina has a very real interest in deciding the questions of state law that Western asks this Court to decide in this action.  In order for this Court to render a decision on the immediate motion for summary judgment, it would have to apply the substantive law of South Carolina.  Regardless of the sophistication or complexities of the questions presented, South Carolina has an interest in having these issues decided by its own courts.  *Id.* at 967.  That said, one of the issues presented here–whether or not a criminal plea constitutes a conclusive admission for a subsequent civil action—is particularly significant and likely to break new ground in South Carolina.  *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004).  "[T]he fact that state law controls the questions before the court militates in favor of the district court's decision to decline jurisdiction."  *Fuscardo*, 35 F.3d at 967.

Second, the state action can more efficiently resolve the dispositive issues of law and fact necessary for a coverage determination.  At this time the underlying state litigation has been pending for over two years.  The state court has had two years to familiarize itself with the facts, legal issues, and parties involved in this litigation. When Western filed this action in federal court, the state action had been pending for over a year. Western knew about the pending state action and it knew that Platinum Plus would claim coverage under the Policy.  At the time this action was filed and at present, the state court was and is more familiar with this issues in this case.  This familiarity cannot be overvalued.  Perhaps this Court's finding of this factor would be

different had Western, like the insurer in *Penn-America*, filed this action "shortly after" the underlying state action was filed rather than waiting a year and a half. *Penn-America*, 368 F.3d at 411. Therefore, this Court finds that the state court can more efficiently rule on the issues presented in this action.

Third, overlapping issues of law and fact would cause an unnecessary entanglement between this court and the state court. Western asks this Court to declare, as a matter of law, that Staton's guilty plea to voluntary manslaughter is a binding admission in the subsequent civil suit that his conduct was intentional. This is an unsettled, substantive issue of South Carolina law. The state court will likely be faced with this question in a motion for summary judgment by Bartholomew. If this Court grants summary judgment on these grounds or denies it on these grounds, this determination would amount to "gratuitous interference" with the ongoing state litigation. *Id.* at 412 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)).

Fourth, given the timing of the actions, Western's declaratory judgment action appears to be an example of forum shopping. Western was fully aware of the pending state action at the time it filed the immediate action. Instead of filing this action as a part of the ongoing state litigation it chose to bring a new action in a different court. Clearly Western thought it would have a tactical advantage by filing in federal court rather than state court. This Court will not encourage such forum shopping.

## Conclusion

After considering each of the aforementioned factors, this Court finds that, even

6:07-cv-02705-GRA     Date Filed 06/05/08    Entry Number 36    Page 7 of 7

though a declaration may be useful and afford relief from uncertainty, considerations of federalism, efficiency, and comity compel this Court to decline jurisdiction in this matter.

IT IS THEREFORE SO ORDERED THAT this action be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 5, 2008
Anderson, South Carolina